UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:23-cr-00262-DCN-1 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JAMES HOWARD GLOVER, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant James Howard Glover's Motion to Reduce Sentence. Dkt. 51. The Government opposes the Motion. Dkt. 53.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Glover's Motion.

## II. BACKGROUND

On September 26, 2023, a federal grand jury indicted Glover on one count of possession of child pornography. Dkt. 2. Glover pleaded guilty, Dkt. 24, and on November 7, 2024, the Court sentenced him to 60 months of incarceration. Dkt. 46, 48.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

On August 29, 2025, Glover informally asked the Bureau of Prisons ("BOP") for compassionate release. Dkt. 51-2, at 10. Glover argued that extraordinary reasons—particularly his need to care for his elderly mother—justified his early release. *Id.* The BOP denied Glover's request on September 3, 2025. *Id.* Glover appealed informal determination to the warden on September 12, 2025. Dkts. 51, at 4; 51-2, at 11. The warden denied Glover's request five days later. Dkt. 51-2, at 12. Glover attached an undated and unsigned "Central Office Administrative Remedy Appeal" to his Motion. *Id.* at 13. Although it appears to seek review of the acting warden's denial, there is no indication Glover ever filed the Central Office Administrative Remedy Appeal.

On February 6, 2026, Glover filed the instant Motion for Sentence Reduction. Dkt. 51. Glover asks to be released to care for his mother, a now-68-year-old disabled woman who lives alone.

Glover is currently housed at the federal correction institution in Safford, Arizona ("FCI Safford") and has an anticipated release date of April 3, 2029.

### III. LEGAL STANDARD

Glover seeks compassionate release under the FSA, 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by

MEMORANDUM DECISION AND ORDER - 2

the U.S. Sentencing Commission.[2] *Id.* The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020). If both criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *Rodriguez*, 424 F. Supp. 3d at 680.

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering of abuse by an employee or contractor of the BOP; (5) any other circumstance or combination of circumstances of similar gravity; or (6) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—not those brought by defendants individually. *See United States*

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

*v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the Guideline's statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director and to those brought by individual defendants. U.S.S.G. § 1B1.13(a). These amendments make U.S.S.G § 1B1.13 binding. *See, e.g.*, *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

The catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason sufficient to justify release.

## IV. DISCUSSION

The parties agree Glover has exhausted his administrative remedies. *See* Dkt. 53, at 3. The Court can, therefore, proceed to the merits.

### A. Extraordinary and Compelling Reasons

Glover argues his need to care for his mother constitutes extraordinary and compelling reasons to justify release. The Guidelines indicate "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" can constitute extraordinary or compelling reasons for release. U.S.S.G. § 1B1.13(b)(3)(C). Glover thus bears the burden of showing: 1) his mother is incapacitated,

and 2) he would be the only available caregiver.

To show his mother is incapacitated, Glover submits a letter from his mother, one of her medical charts, and a screenshot of the Wikipedia page for myelopathy. Dkt. 51-2. In her letter, Glover's mother states two of her children are out-of-state and a third is attempting to balance a family of her own along with a full work schedule; that she is at risk for falls; and that she has to pay extra to have her groceries delivered and sidewalk shoveled. *Id*. at 14–16. Her income consists of social security benefits and two days of work per week. Glover's release would help her save money and help with her safety. The medical chart indicates Glover's mother underwent surgery to fuse her spine in January 2021 (years before Glover was sentenced). *Id*. at 8. The Wikipedia page gives background information on myelopathy, but as Wikipedia is neither peer-reviewed nor applicable to Glover's mother specifically, the Court will not consider it. *Id*. at 9.

"The Sentencing Commission does not define "incapacitation" in the context of compassionate release." *United States v. Taveras*, 731 F. Supp. 3d 94, 98 (D. Mass. 2024). Courts across the country give the BOP's definition of incapacity, Program Statement § 5050.50 ("§ 5050.50"), persuasive but not controlling authority. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *4 (W.D. Wash. July 27, 2020) (collecting cases). Other courts, noting the FSA appears to reduce BOP's authority in order to increase the use of compassionate release, look to state law instead. *See Taveras*, 731 F. Supp. 3d at 98–100. Still other courts consider both § 5050.50 and state law as persuasive authorities. *See, e.g.*, *United States v. Rosario-Cruzado*, 2025 WL 1540932, at *2–3 (4th Cir. May 30, 2025).

The Court need not resolve the split because Glover's mother is not incapacitated

MEMORANDUM DECISION AND ORDER - 5

under either definition. *Cf. id.* (considering both state law and § 5050.50 as persuasive authorities while acknowledging § 5050.50 may be more restrictive than the FSA). Section 5050.50 defines incapacitation as "a serious injury, or a debilitating physical illness" which leaves the family member "totally confined to a bed or chair" and unable to "carry on any self-care."[3] Glover's mother appears to be able to walk (as she risks falling) and prepare food (as she pays someone to deliver groceries), and she works two days a week. A person who can walk, prepare food for herself, and maintain employment is not incapacitated under the § 5050.50 definition.

Nor has Glover shown his mother is incapacitated under Idaho law. Like the Massachusetts laws discussed in *Taveras*, 731 F. Supp. 3d at 99–100, Idaho has adopted the Uniform Probate Code ("UPC"). Title 15, Idaho Code. The UPC defines an incapacitated person as one who "lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person . . . ." Idaho Code § 15-5-101. Again, Glover's mother is able to coordinate her own assistance by hiring individuals to deliver her groceries and shovel her sidewalk, and she is able to work two days per week. The record shows Glover's mother is able to responsibly manage her affairs in many aspects of her life, so she is not incapacitated under Idaho law, either.

Finally, Glover has failed to show he is the only person able to care for his mother. Glover's mother notes she has a daughter in Idaho. Although the daughter is busy with college, employment, and a family of her own, the fact that a possible caregiver has a

---

[3] The Court takes judicial notice of BOP Program Statement § 5050.50 as a publicly available statement of a federal agency's policy. *See* Fed. R. Evid. 201(b).

MEMORANDUM DECISION AND ORDER - 6

packed schedule does not make that person unavailable for purposes of the "extraordinary and compelling reasons" analysis. Even if the daughter was truly unavailable, the Court cannot determine from the present record whether Glover's mother has the means of employing an in-home caregiver, moving into assisted living, or otherwise securing care from someone other than Glover. *See United States v. Izatt*, 2025 WL 1529939, at *4 (D. Idaho May 28, 2025). It is Glover's burden to show he is the only possible caregiver for his mother, and he has not done so.

The Court offers its sympathies to Glover's mother. "Unfortunately, when someone commits a serious crime and is caught, the felon's family members are almost always among the primary victims of the result of his misconduct and suffer both financially and psychologically." *United States v. Crisp*, 2022 WL 3448307, at *7 (E.D. Cal. Aug. 17, 2022) (citation modified). But "[m]any inmates have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually any inmate seeking a sentence reduction on this ground could produce one." *Izatt*, 2025 WL 1529939 at *3.

Accordingly, the Court finds Glover has failed to show extraordinary and compelling reasons justify his release.

### B. 18 U.S.C. § 3553(a) Factors

Because Glover has failed to show extraordinary and compelling reasons justify release, the Court need not consider the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i). However, the Court will note that the § 3553(a) factors would not

MEMORANDUM DECISION AND ORDER - 7

support release regardless.[4] Glover has served a mere 12 months of a 60 month sentence for possession of child pornography. Reducing his sentence by 80% would not capture the seriousness of his offense. And although the clinician who performed his psychosexual evaluation found Glover posed a low likelihood to reoffend, that finding was premised on his successful completion of treatment while incarcerated. Dkt. 44-6. Without any evidence of successful completion, the Court cannot find a reduction in sentence would adequately protect the public from the risk of Glover reoffending. Therefore, the Court finds releasing Glover early would not be consistent with the punitive and remedial goals of sentencing.

### V. CONCLUSION

Glover has not shown extraordinary or compelling reasons justify his release or that the 18 U.S.C. § 3553(a) factors indicate release would be appropriate. Accordingly, his Motion to Reduce Sentence is DENIED.

---

[4] Under the "Factors To Be Considered in Imposing a Sentence," this statute provides the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]":

> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

## VI. ORDER

The Court **HEREBY ORDERS**:

1.  Glover's Motion to Reduce Sentence (Dkt. 51) is **DENIED.**

DATED: May 29, 2026

David C. Nye
U.S. District Court Judge